# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEVON TYRONE EVANS,**

    Plaintiff,

  v.                                     **Case No. 20-CV-1082**

**LT WILD,** *et al.***,**

    Defendants.

## ORDER

Plaintiff Devon Tyrone Evans is proceeding on a claim that defendants failed to protect him from being attacked by another inmate. (ECF No. 7.) The Prison Litigation Reform Act (PLRA) applies to this case because Evans was incarcerated when he filed his complaint. Under the PLRA, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). On November 30, 2020, defendants filed a motion for summary judgment on the ground that Evans failed to exhaust the available administrative remedies before he initiated this lawsuit. (ECF No. 25.) After defendants' motion was fully briefed, Evans filed a motion to appoint counsel. (ECF No. 34.) Both motions are ready for the court's decision.

*1. Factual Background*

Evans was booked into the Waukesha County Jail on November 7, 2018. (ECF No. 27 at ¶ 1.) At the time, the jail had procedures that allowed inmates to file grievances and appeals regarding various issues, including alleged wrongdoing by staff members. (*Id.* at ¶ 2.) The procedures were outlined in an information packet that was available at kiosks in the housing pods/zones. (*Id.* at ¶¶ 2, 4.) The inmate handbook also informed inmates that they could submit grievances about staff members' alleged wrongdoing. (*Id.* at ¶ 3.) Finally, the grievance form, which was available upon request, also contained a description of the grievance procedures. (*Id.* at ¶ 7.) During booking Evans was informed about the information packet and how to access it. (*Id.* at ¶ 4.)

Under the jail's procedures an inmate must submit a written grievance within five days of the incident giving rise to the grievance. (ECF No. 27 at ¶ 6.) Jail staff then review the grievance and provide a response. (*Id.*) An inmate may appeal the response to the grievance within five days of receiving a response. (*Id.*) According to defendants, Evans did not file a grievance or an appeal relating to the incident that is the subject of his complaint. (*Id.* at ¶ 8.)

Defendants explain that the jail also had separate procedures for appealing discipline imposed for major rule infractions. (ECF No. 27 at ¶ 9.) In connection with the incident at issue in his complaint, Evans was given ten days of discipline for violating jail rules. (*Id.* at ¶ 10.) Evans filed a disciplinary appeal challenging his discipline, but the appeal procedures for challenging discipline are separate and

2

distinct from the general grievance procedures that are used to challenge staff actions. (*Id.* at ¶¶ 11-12; ECF No. 28-2 at 4, 6 (explaining that "[t]he grievance procedure is not to be used to address inmate disciplinary or disciplinary appeal issues or processes").)

2. *Legal Standard*

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

*3. Analysis*

As a preliminary matter the court observes that, because Evans failed to respond to the defendants' proposed findings of fact, they are assumed to be true for purposes of deciding the defendants' motion for summary judgment. *See* Civil L.R. 56(b)(2)(B); *see also* ECF No. 30 (warning Evans that failing to respond to the defendants' proposed findings of fact would result in the court assuming he agrees with the proposed facts). Further, the court notes that, while Evans responded to the defendants' legal brief and asserted that he had exhausted the available administrative remedies, he failed to file any admissible evidence supporting his assertions, such as an affidavit, unsworn declaration, or documents.

Moving to the substance of the defendants' motion, it has long been held that the exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

That said, a prisoner is not required to exhaust the administrative remedies if those remedies are not truly "available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Administrative remedies will be deemed "unavailable" when prison officials do not respond to a properly-filed inmate complaint or when they prevent a prisoner

4

from exhausting through misconduct, such as denying a prisoner necessary forms, destroying a prisoner's submissions, or requiring steps not mandated by regulation or rule. *See Smith v. Buss*, 364 F. App'x 253, 255 (7th Cir. 2010); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Kaba*, 458 F.3d at 684; *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004); *Strong v. David*, 297 F.3d 646, 649-50 (7th Cir. 2002).

Defendants have presented evidence showing that Evans failed to file a grievance about the incident at issue as required by the jail's grievance procedures. They acknowledge that Evans appealed the discipline he received in connection with the incident at issue, but they explain that the procedures for appealing discipline are separate and distinct from the procedures for filing grievances about staff conduct. The jail's information packet, which was available in the housing pods and upon request, is clear on this point. The section informing inmates how to appeal a disciplinary decision is separate from the section on submitting grievances about staff conduct, and the section on submitting grievances specifies that the grievance procedures are not to be used to address disciplinary issues. *See* ECF No. 28-2 at 4, 6. Thus, the jail took adequate steps to inform inmates what they had to do to exhaust the administrative remedies.

Evans says he did file a grievance and received a response back. The defendants dispute this assertion. They state that the disciplinary appeal was all that Evans filed; he never filed a "grievance" for purposes of exhausting the administrative remedies. (ECF No. 27 at ¶¶ 8, 11.) Unlike the defendants' statements, which are supported by declarations, Evans's statement that he filed a grievance is not made

5

under penalty of perjury, nor does he provide a copy of the grievance he filed or the response he says he received. (ECF No. 31.) In any event, even if Evans had provided admissible evidence to support what he says, nowhere does he assert that he appealed the jail's response as required by the grievance procedures. His failure to submit an appeal is fatal to his contention that he exhausted the available administrative remedies.

Evans also asserts that he followed the procedures to the best of his ability and was confused and frustrated, but the procedures are not complicated and are explained to inmates in multiple formats (in the information packet, in the inmate handbook, and on the grievance form). As defendants explain, exhaustion is a two-step process: file a grievance and appeal the response if not satisfied. Evans presents no evidence from which a jury could reasonably conclude that he completed either of these steps or that the procedures were so confusing that he was prevented from following them.

Accordingly, the court finds that Evans failed to exhaust the available administrative remedies before he filed his lawsuit. As a result, the defendants are entitled to summary judgment. *See Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018) ("The PLRA does not excuse a failure to exhaust based on a prisoner's ignorance of administrative remedies, so long as the prison has taken reasonable steps to inform the inmates about the required procedures.").

*4. Motion to Appoint Counsel*

Within a week of the defendants' summary judgment motion being fully briefed Evans filed a motion to appoint counsel. (ECF No. 34.) He explains that he does not know what to do or what is going on. He also says that, because of COVID, he has been unable to access the law library.

In deciding whether to recruit counsel the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, -- F.3d --, 2021 WL 456002 at * 8 (7th Cir. Feb. 9, 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

Evans satisfies the first prong of the standard—he filed three letters from attorneys who declined to represent him. However, he does not satisfy the second prong. Exhaustion of administrative remedies is a straightforward issue. Either Evans submitted a grievance and appeal about the incident at issue, or he did not. Setting aside whether he filed a grievance, Evans concedes he did not appeal the jail's response. An attorney representing Evans could not change that fact, which is fatal to Evans's contention that he exhausted the administrative remedies before he initiated this lawsuit. Therefore, the court will deny his motion.

**IT IS THEREFORE ORDERED** that Evans's motion to appoint counsel (ECF No. 34) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment on the ground that Evans failed to exhaust the available administrative remedies (ECF No. 25) is **GRANTED** and this case is **DISMISSED without prejudice**. The clerk's office shall enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. The court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court may not extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin, this 18th day of February, 2021.

**BY THE COURT:**

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge